**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NUMBER:** 3:26-cv-02128-MGL

| | |
|---|---|
| First Acceptance Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>April Sanders, K.J., A.T., C.S., K.S., Santana Hope, and L.H.,<br><br>Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-jury)** |

Plaintiff First Acceptance Insurance Company ("First Acceptance") seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

**JURISDICTION AND VENUE**

1.      Plaintiff First Acceptance is an insurance company organized and existing pursuant to the laws of the State of Tennessee with its principal place of business in the State of Tennessee. Plaintiff is authorized to transact business in the State of South Carolina, including writing and selling insurance policies.

2.      Upon information and belief, Defendant April Sanders is a citizen and resident of Richland County, South Carolina.

3.      Upon information and belief, Defendant K.J. is a minor who resides with her mother, April Sanders, in Richland County, South Carolina.

4.      Upon information and belief, Defendant A.T. is a minor who resides with her mother, April Sanders, in Richland County, South Carolina.

5.      Upon information and belief, Defendant C.S. is a minor who resides with her mother, April Sanders, in Richland County, South Carolina.

6.    Upon information and belief, Defendant K.S. is a minor who resides with her mother, April Sanders, in Richland County, South Carolina.

7.    Upon information and belief, Defendant Santana Hope is a citizen and resident of Richland County, South Carolina.

8.    Upon information and belief, Defendant L.H. is a minor who resides with her mother, Santana Hope, in Richland County, South Carolina.

9.    This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

10.    The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(a)(1).

11.    Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1) and (2) because, upon information and belief, all defendants are residents of Richland County, South Carolina, and a substantial part of the events giving rise to the claim occurred in Richland County, South Carolina.

## **FACTS**

12.    On March 1, 2025, First Acceptance issued an automobile insurance policy, Policy Number HUGO-1276958 (hereinafter the "Policy"), to April Sanders. (Ex. A: First Acceptance Declarations Page).

13.     First Acceptance refers to the Policy for all terms, conditions, and provisions therein and incorporates them by reference herein.

14.     The declarations page reflects that the Policy was effective from March 12, 2025 to September 12, 2025, and insured one vehicle, a 2013 Chevrolet Malibu (hereinafter the "Insured Vehicle"). (*Id.*)

15.     The Declarations Page reflects that the Policy provides $25,000 each person/$50,000 each accident uninsured motorist bodily injury liability coverage, $25,000 each accident uninsured motorist property damage coverage, and $500 Medical Payments coverage. The Policy does not provide underinsured motorist coverage.

16.     According to the Policy:

*****

**<u>DEFINITIONS USED THROUGHOUT THIS POLICY</u>**

Unless defined differently elsewhere in this policy, the words and phrases listed below have the following meanings throughout the policy and will appear in bold print:

1.  **Accident** or **accidental** means a sudden, unexpected, and unintended event causing **bodily injury** or **property damage**, arising out of the operation, ownership, maintenance, or use of an **auto**. All **bodily injury** and **property** damage **arising** out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **accident**.

*****

**<u>DUTIES</u>**

FAILURE TO COMPLY WITH ANY OF THESE DUTIES MAY RESULT IN DENIAL OF COVERAGE OR RELIEVE **US** OF ALL DUTIES TO INVESTIGATE, SETTLE, DEFEND, PAY ANY JUDGMENT OR OTHERWISE HONOR ANY CLAIMS MADE BY OR AGAINST ANY **INSURED**. **OUR** RIGHTS WILL BE DEEMED TO HAVE BEEN PREJUDICED IF **YOU** OR ANY **INSURED** UNDER THIS POLICY FAIL TO COMPLY WITH ANY OF THESE DUTIES AND IT ADVERSELY AFFECTS OUR INVESTIGATION OF THE CLAIM

INCLUDING **OUR** ABILITY TO DETERMINE COVERAGE, LIABILITY OR DAMAGES.

**YOUR DUTIES IN CASE OF AN ACCIDENT OR LOSS**

In the event of an **accident** or **loss**, you or any person claiming coverage under this policy must:

\*\*\*

2. cooperate with **us** in any matter concerning a claim or suit.

\*\*\*

9. allow **us** to take signed and/or recorded statements when and as often as **we** may require.

\*\*\*

11. submit to examinations under oath (EUO) and sign copies of the transcript as often as **we** may require.

**We** may examine **you** or any person claiming coverage under oath, while not in the presence of any person, other than **your** attorney, about any matter relating to this insurance or the claim, including an insured's books, and records, and/or other documents. **You** or any person claiming coverage under this policy must prepare and sign any documents or paperwork prepared or submitted by **us**. The EUO may be conducted by a representative of **our** choice.

12. Full compliance with all terms of this policy is a condition precedent to any coverage available from this policy. **We** may not be sued unless there is full compliance with all terms of this policy.

\*\*\*

## PART A: LIABILITY COVERAGE

**INSURING AGREEMENT**

In consideration of the premium paid for this coverage, **we** will pay damages up to the policy limits stated on the **Declarations** Page, for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an **auto accident**. Damages include prejudgment interest awarded against the **insured** subject to **our** limit of liability for this coverage. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when the limit of liability has been exhausted by the payment of a judgment or settlement. **We** have no duty to defend any suit, settle any claim or pay any judgment for **bodily injury** or **property damage** not covered until this policy.

\*\*\*

## PART B: MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

Subject to the limit of Liability shown on the **Declarations Page**, if **you** pay a premium for Medical Payments Coverage, **we** will reimburse for any reasonable **medical expenses** that have been paid for necessary medical and funeral services because of **bodily** injury**:**

1. caused by an **auto accident**; and
2. sustained by an **insured**.

**We** will reimburse only those **medical expenses** incurred within one (1) year from the date of the **accident**. Coverage under this Part shall not apply if the **accident** or its resulting damages were either intended by the **insured**, or could have reasonably been expected from the viewpoint of the **insured**.

\*\*\*

## PART C: UNINSURED/UNDERINSURED MOTORIST COVERAGE

**INSURING AGREEMENT**

**Uninsured Motorist Coverage**

Subject to the Limits of Liability, if **you** pay a premium for Uninsured Motorist Coverage, **we** will pay for damages which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by an insured or due to property **damage**:

1. caused by an **accident**; and
2. arising out of the **ownership**, maintenance, or use of an **uninsured motor vehicle**.

\*\*\*

## PART E: GENERAL POLICY PROVISIONS

By acceptance of this policy, **you** affirm and agree that:

1. This policy is issued in reliance upon **your** statements made in the **application**;
2. **Your** statements made in the **application** are true and complete;
3. Your statements made in the **application** are incorporated into and form a part of this policy;
4. **Your** statements as reflected in the **Declarations page** and all endorsements are incorporated into and form a part of this policy;

5. The insurance **application**, **Declarations page** and all endorsements are incorporated into and form a part of this policy;

6. Any material misrepresentation on **your** part may render this policy null and voi[d] from inception

7. This policy embodies all agreement existing between **you** and **us**; and

8. **You** have the affirmative obligation to report all accidents regardless of fault and to promptly advise **us** of any change in circumstances or in the information **you** supplied to us on **your** application.

***

## MISREPRESENTATION AND FRAUD

*Fraud or Misrepresentation in the Application or Notification of Change*

The statements made by **you** or any other person seeking coverage under this policy are deemed to be representations. If any representation contained in the application is false, misleading, or materially affects the acceptance or rating of the risk by us, this policy will be void in its inception.

If any representation contained in any notification of change is false, misleading, or materially affects the acceptance or rating of the risk by **us**, this policy will be terminated from the effective date of the change.

This provision shall apply to statements or representations that contain fraudulent, false, misleading or deceptive statements, direct misrepresentations, and omissions or concealments of fact. We **may** void this policy or deny coverage even after the occurrence of an **accident** or **loss**. This means that **we** will not be liable for any claims or damages that would otherwise have been covered in the absence of the fraud or misrepresentation. No coverage will be afforded to any **relative** or **resident** in **your** household unless named in the application for coverage and/or listed on the **Declarations Page** or added by endorsement.

*Fraud or Misrepresentation in the Presentation of a Claim*
The statements made by **you** or any other person seeking coverage under this policy are deemed to be representations. In connection with any **accident** or **loss**, **we** do not provide coverage for anyone who has engaged in fraudulent conduct or made statements or representations that contain fraudulent, false, misleading or deceptive statements, direct misrepresentations, or omissions or concealments of fact. This means that **we** will not be liable for any claims or damages that would otherwise have been covered in the absence of the fraud or misrepresentation.

Page 6 of 13

If **we** are not permitted by law to retroactively void this policy, **you** agree that **we** have the right to reduce any amounts otherwise owed to **you** under any coverage(s) provided by this policy, except for the coverages provided in Part A, by the amount of any additional **premium payment** which would have been charged to **you** had there been no fraud and/or misrepresentation. **You** agree that any payments made by us as the result of **your** fraud and/or misrepresentation may be recovered by **us** from **you**, or from any payments due or made to **you** under any coverage(s) provided by this policy.

(Ex. B: First Acceptance Policy.)

17.     Two days after the Policy became effective, First Acceptance received notice of a purported automobile accident on March 14, 2025, involving April Sanders operating the Insured Vehicle and Nyjale Clybourn operating a 2014 GMC rented from U-Haul.

18.     Five minor children, K.J., A.T., C.S., K.S., and L.H. were purportedly passengers in the Insured Vehicle at the time of the accident.

19.     April Sanders was issued a ticket for a seatbelt violation on March 14, 2025, after she reported to the police that there were more passengers in the Insured Vehicle than the number of seats.

20.     Upon information and belief, April Sanders has a history of filing suspicious insurance claims and engaging in fraudulent activity.

21.     Upon information and belief, April Sanders made similar claims for uninsured motorist coverage on behalf of herself and her four minor children all alleging similar/identical injuries as she alleges in the March 14, 2025 incident.

22.     On January 6, 2026, the Probate Court for Richland County, South Carolina, order that April Sanders to repay $8,429.82 to the Estate of Kevin Bernard Peay to reimburse the Estate for money April Sanders withdrew from Mr. Peay's checking account after his death. (Ex. C: Probate Court Judgment.)

23.     U-HAUL filed a declaratory judgment action against Nyjale Clybourn, April Sanders and her four minor children, and Santana Hope and her minor child on June 13, 2025, in the Court of Common Pleas in Richland County, South Carolina (C/A No. 2025-CP-40-004218). U-HAUL alleges the alleged March 14, 2025, accident was staged for the purpose of committing insurance fraud.

24.     U-HAUL obtained declaratory judgment against April Sanders on December 15, 2025, when the Court granted U-HAUL's Motion for Default Judgment. (Ex. D: Judgment Against April Sanders.) The Court held that U-HAUL had no duty to indemnify April Sanders "for any claims brought by or against her relating to the subject March 14, 2025, staged automobile collision" and that U-HAUL had "no duty to defend Defendant [Nyjale] Clybourn against any claims or actions brought by Defendant Sanders in relation to the subject March 14, 2025, staged automobile collision." (*Id.*)

25.     April Sanders submitted a photograph of the Insured Vehicle to support her claim for uninsured motorist coverage that shows the alleged damage to the Insured Vehicle pre-dated the purported accident on March 14, 2025. (Ex. F: Photo of Insured Vehicle.)

26.     The photograph shows the rear bumper is attached to the Insured Vehicle with a zip-tie that shows visible signs of wear. (*Id.*)

27.     The photograph also shows the damage on the rear bumper was beginning to rust. (*Id.*)

28.     The Crash Detection Retrieval system software inside the U-HAUL did not record any events on the date of the alleged accident. (Ex. E: CDR Data.)

29.     First Acceptance attempted to obtain examinations under oath from April Sanders and her four minor children on two occasions. April Sanders and her four children failed to appear

for either properly noticed examination, and Certificates of Non-Appearance were issued. (Ex. G: Certificates of Non-Appearance.)

30.     It appears that April Sanders has or will seek uninsured motorist coverage under the Policy for herself and four of her minor children.

31.     It also appears that April Sanders has or will seek a defense and/or indemnity under the Policy.

32.     It appears that Santana Hope has or will seek liability coverage and/or uninsured motorist coverage under the Policy on behalf of her minor child, L.H.

**FOR A FIRST DECLARATION**

33.     Plaintiff repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

34.     The Policy was effective from March 12, 2025 to September 12, 2025. (Ex. A.)

35.     April Sanders represented to First Acceptance in the application for coverage that the Insured Vehicle did not have any pre-existing damage. (Ex. H: Application.)

36.     April Sanders did not disclose the pre-existing damage to her rear bumper that is pictured in the images she provided to First Acceptance of the alleged damage to her vehicle after the purported accident. (*Id.*)

37.     April Sanders verified to First Acceptance that she agreed the Policy may be rescinded and declared void if her application for insurance contained any false information or if any information that would alter First Acceptance's exposure was omitted or misrepresented. (Ex. *Id.*)

38.     Thus, April Sanders misrepresented the condition of the Insured Vehicle to First Acceptance to obtain the Policy.

39.     Therefore, the Policy was void at inception and should be rescinded because April Sanders made material misrepresentations to First Acceptance at the time the Policy of was issued.

40.     First Acceptance respectfully requests a declaration that the Policy was void at inception, and that First Acceptance has no duty to defend or indemnify April Sanders for any claims arising out of the March 14, 2025 alleged incident.

## FOR A SECOND DECLARATION

41.     First Acceptance repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

42.     The Policy only provides Medical Payments and uninsured motorist coverage for damages caused by an "accident."

43.     "Accident" is defined in relevant part as a sudden, unexpected, and unintended event. (Ex. B at 5.)

44.     First Acceptance would show, upon information and belief, that Defendants staged the alleged incident on March 14, 2025, for the purpose of making a false insurance claim.

45.     Thus, any damages allegedly flowing from the staged incident are not covered because the damages were not caused by an "accident."

## FOR A THIRD DECLARATION

46.     First Acceptance repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

47.     The Policy excludes Medical Payments Coverage for bodily injury due to or resulting from intentional acts by or reasonably expected to result from the intentional or felonious acts or omissions, committed by an insured.

48. First Acceptance would show, upon information and belief, that Defendants staged the alleged automobile collision on March 14, 2025, for the purpose of making a false insurance claim.

49. Thus, any damages allegedly flowing from the staged automobile collision are excluded from Medical Payments coverage because the accident was intended by the insureds.

### FOR A FOURTH DECLARATION

50. First Acceptance repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

51. The Policy does not provide coverage for anyone who engages in fraudulent conduct or makes statements or representations that contain false, fraudulent, misleading, or deceptive statements, direct misrepresentations, omissions, or concealments of fact.

52. First Acceptance would show, upon information and belief, that Defendants engaged in fraudulent conduct in the presentation of their claim for the March 14, 2025, staged automobile collision.

53. Defendants reported a collision occurred between the vehicle operated by April Sanders and the U-Haul operated by Nyjale Clybourn, but the U-Haul's CDR data shows no evidence of an automobile collision.

54. April Sanders represented to First Acceptance that she did not have a relationship with the driver of the U-Haul, Nyjale Clybourn. During First Acceptance's investigation, it learned that April Sanders and Nyjale Clybourn are family members.

55. April Sanders submitted a photograph of the alleged damage to her vehicle to support her damages claim, but the damage in the photograph is rusted and shows a worn zip tie holding the bumper together, which suggests the damage pre-dated the staged automobile collision.

56.    Thus, Defendants engaged in fraudulent conduct in the course of the claim investigation by providing false information about their relationship to one another, how the accident occurred, and their damages claims.

57.    Therefore, First Acceptance requests a declaration that Defendants' claims are excluded by the Policy's fraud and misrepresentation provision.

## FOR A FIFTH DECLARATION

58.    First Acceptance repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

59.    The Policy requires any person claiming coverage must submit to examinations under oath. (Ex. B at 9.)

60.    First Acceptance attempted to obtain examinations under oath from April Sanders and her four children on two occasions, but no one appeared for either examination.

61.    Thus, April Sanders and her children have not fulfilled their duties under the Policy, and First Acceptance requests a declaration that these Defendants' claims are barred for their failure to submit to an examination under oath.

**WHEREFORE**, First Acceptance respectfully requests that this Court inquire into these matters and declare that the Policy does not provide coverage for the March 14, 2025 stated automobile collision described herein and that First Acceptance is entitled to recover against the Defendants for all payments made and costs incurred, including, but not limited to, the costs of this action. First Acceptance additionally requests such other and further relief as the Court may deem just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

MURPHY & GRANTLAND, P.A.

*s/Diana August*
J.R. Murphy (Fed. I.D. No. 3119)
Diana August (Fed. I.D. No. 13919)
P.O. Box 6648
Columbia, South Carolina 29260
(803) 782-4100
Attorneys for First Acceptance Insurance
Company

Columbia, South Carolina
May 29, 2026